RECEIVED
IN LAKE CHARLES, LA

AUG 11 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 09-CR-146 |
| VERSUS | : | JUDGE MINALDI |
| YAKOV DRABOVSKIY | : | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

On August 11, 2009, Yakov Drabovskiy came before the Magistrate for an initial appearance and arraignment. Present at the hearing was an attorney from the Federal Public Defender's Office. As an initial matter, the Magistrate asked defendant whether he wished to hire counsel or would like counsel appointed for him. The defendant responded that he wished to proceed *pro se* in the criminal proceedings pending against him. Upon being informed by Defendant that he wished to proceed *pro se*, the Magistrate admonished Defendant of the pitfalls of "self-representation" in order to insure his decision to forego representation by counsel was made knowingly and intelligently as required by the Supreme Court in *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541, 45 L. Ed. 2d 562 (1975). In the subsequent questions and answers between the Magistrate and defendant, the court determined that defendant is literate, competent, and understanding and that he is voluntarily exercising his free will, though warned by the Magistrate that she believed it was a mistake not to accept the assistance of counsel. *See id.*

In accordance with the foregoing, IT IS RECOMMENDED that the district court find that defendant Yakov Drabovskiy has knowingly and intelligently waived his right to representation by counsel and that the court grant the defendant the right to represent himself at

trial.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on this 11th day of August, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE