RECEIVED
IN LAKE CHARLES, LA
SEP 1 0 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DOCKET NO. 2:09 cr 0146-001** |
| V.S. | : | **JUDGE MINALDI** |
| **YAKOV DRABOVSKIY** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Currently before the court is a Motion for Bill of Particulars [doc. 20] and a Motion for Discovery [doc.22], including a request for transcripts, filed by the defendant, Yakov Drabovskiy. The Government filed an Opposition [doc. 28] to the Motion for a Bill of Particulars.

A bill of particulars may not be used to compel the government to provide the essential facts concerning the existence and formation of a offense. United States v. Rosenthal, 793 F.2d 1214 (11th Cir. 1986), mod., reh. den., 801 F.2d 378, cert. den., 480 U.S. 919 (1987).

A bill of particulars is granted only where necessary to inform the accused of the charge against him so as to enable him to prepare for his defense, to reduce surprise at trial, or to enable him to plead his acquittal or conviction in bar of future prosecution for the same offense. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L. Ed. 545 (1927) ; United States v. Harbin, 601 F.2d 773 (5th Cir. 1979), cert. den., 444 U.S. 954.

A bill of particulars is not an investigative vehicle for the defense, and is not available as a tool to obtain a detailed disclosure of the Government's evidence prior to trial. United States v. Kilrain, 566 F.2d 979 (5th Cir. 1978), cert. den., 439 U.S. 819, reh. den., 439 U.S. 997; United States

v. Automated Medical Laboratories, Inc., 770 F.2d 399 (4th Cir. 1985). Nor is the Government obligated to provide for all of the overt acts which it will introduce at trial in a bill of particulars. Kilrain, 566 F.2d at 985; Rosenthal, 793 F.2d at 1227. An inquiry into the Government's legal or evidentiary theory as to the means by which a defendant committed a specific criminal act is not a proper purpose for a bill of particulars. United States v. SierraGarcia, 760 F.Supp. 252 (E.D.N.Y. 1991); United States v. Kahaner, 203 F.Supp. 78 (S.D.N.Y. 1962).

Accordingly, for the reasons set forth herein,

IT IS ORDERED that the Motion for a Bill of Particulars is DENIED.

IT IS FURTHER ORDERED that the Motion for Discovery is GRANTED to the extent that such discovery is authorized by F.R.Cr.P. 16. Any information beyond the scope of Rule 16 shall not be ordered to be produced by the Government absent good cause shown by the defendant.

IT IS ORDERED that the defendant complete the appropriate forms to request a transcript of the hearing held August 12, 2009, and that he send this form to the Court Reporter, Martha Frye.

IT IS ORDERED that the defendant's request that the court prepare jury instructions[1] is DENIED as premature.

Lake Charles, Louisiana, this 10 day of September, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[1] ¶3 of the Motion for Discovery.