RECEIVED
IN LAKE CHARLES, LA

SEP 1 0 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:09 cr 0146-001 |
|---|---|---|
| V.S. | : | JUDGE MINALDI |
| YAKOV DRABOVSKIY | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court is the defendant's Motion to Dismiss [doc. 19] the Indictment. The Government filed an Opposition [doc. 26].

The defendant alleges that the indictment is insufficient in the following particulars:

1)  Each count repeats each other with only a change of dates. The defendant asserts that this constitutes double jeopardy; and

2)  The indictment does not contain the essential elements of the crime and is therefore insufficient.

Law

The defendant is charged in an Indictment with twenty (20) separate violations of Failure to Depart under 8 U.S.C. §1253(a)(1)(B). This statute makes it a crime for an alien, who has an outstanding order of removal, to refuse or fail to make a good faith or timely application for travel or other documents necessary for the alien's departure.

The double jeopardy clause is limited to insuring that a defendant is not sentenced to more punishment than Congress intended. *See Garrett v. United States,* 471 U.S. 773, 105 S.Ct. 2407, 2411-12, 85 L.Ed.2d 764 (1985). As to the charges here in question, each count sets forth a separate

act, on a given day, in which the defendant allegedly refused to complete the required paperwork. Each time the defendant allegedly refused, he committed a separate violation of §1253(a)(1)(B). These charges do not constitute double jeopardy.

The defendant also argues that the indictment does not list the essential elements of the crime and is therefore insufficient. The sufficiency of an indictment is assessed by taking the allegations contained in the indictment to be true and then determining whether a criminal offense has been stated. *See United States v. Dasilva,* 271 Fed.App'x. 856, 857 (11th Cir. 2008); *United States v. Plummer,* 221 F.3d 1298, 1302 (11th Cir.2000). The three elements of the charged offense are: (1) the defendant was an alien at the time alleged in the indictment, (2) the defendant had been ordered removed from the United States, and (3) that the defendant willfully failed or refused to make a timely application for a travel or other document necessary for his departure from the United States. *United States v. Calderon-Minchola,* 2007 WL 1704649, 2(M.D.Pa.,2007). The defendant has not alleged that he is a citizen of the United States. The immigration papers attached as exhibits to the Government's opposition assert that he is a citizen of Russia. The indictment alleges that there is a removal order that has been issued and each count documents the times that he allegedly failed or refused to make a timely application for a travel or other document necessary for his departure from the United States. This indictment is sufficient.

Accordingly, the defendant's Motion to Dismiss the Indictment will be denied.

Lake Charles, Louisiana, this ___10___ day of September, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT COURT