RECEIVED
IN LAKE CHARLES, LA.
OCT 22 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| YAKOV DRABOVSKIY | : | DOCKET NO. 2:09 CR 146 |
| VS. | : | JUDGE MINALDI |
| WARDEN YOUNG | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Presently before the court is an Appeal from the Magistrate Judge's Decision [doc. 21] and a Motion to Proceed *In Forma Pauperis* on Appeal [doc. 47].

On August 13, 2009 the defendant filed a motion to return to FDC Oakdale. This motion was filed by the defendant in open court on August 13, 2009, at the time of his detention hearing and the motion was denied by the court in open court. The Magistrate Judge reasoned that she had no authority to order the Attorney General to house the defendant in any particular corrections facility. The Magistrate Judge further ruled that the pendency of an appeal from a *habeas corpus* proceeding before the 5th Circuit Court of Appeal did not prohibit defendant from being transferred for detention pending trial on this criminal matter as suggested by defendant in his motion. F.R.A.P. 23 (governing custody or release of a prisoner in a habeas corpus proceeding) allows this court to order that defendant be "detained in other appropriate custody" (F.R.A.P. 23(b)(1)).

The defendant filed this appeal, requesting that the district court overturn the Magistrate Judge's ruling. On September 10, 2009 [doc. 31] this court ordered the defendant to complete the appropriate forms to order a transcript of the August 13 hearing. There is no evidence of these forms


being completed.

An order denying a motion to transfer is nondispositive.[1] The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential.[2] The district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[3]

The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Generally, there is no Fourteenth Amendment "liberty interest in being imprisoned at one [prison facility] rather than [an]other, even if life in one is much more disagreeable than in another." *Maddox v. Thomas*, 671 F.2d 949, 950 (5th Cir.1982) (internal citation and quotation omitted).

Drabovskiy asserts that he should be transferred back to FDC Oakdale because Calcasieu Correctional Center has no federal law books. Prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Pembroke v. Wood County*, 981 F.2d 225, 229 (5th Cir.1993). "While the precise contours of a prisoner's right of access to the courts remain somewhat

---

[1] *Sims v. First Horizon Nat. Corp.*, 2009 WL 1789090, 3(W.D.Tenn.,2009); *U.S. v. Curtis*, 237 F.3d 598, 603 (6th Cir.2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). *See also* 28 U.S.C. § 636(b)(1)(A).

[2] *Reko v. Creative Promotions, Inc.*, 70 F.Supp.2d 1005, 1007 (D.Minn.1999).

[3] *Fair Isaac Corp. v. Experian Information Solutions Inc.*, 2009 WL 161247, 1(D.Minn.,2009); *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir.1996).

obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Id.* (quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir.1993)). *Jones v. Stephen*, 2006 WL 1997475, 3(E.D.La.,2006). As is apparent from this record, Drabovskiy is certainly able to prepare and transmit legal documents to the court.

The defendant has provided the court with no law providing a basis for his assumption that the court has the authority to order the Bureau of Prisons to house an inmate in a specific facilty. Accordingly, the court finds that the Magistrate Judge's ruling is not clearly erroneous or contrary to law. The Magistrate's order will be affirmed.

The defendant has also filed a motion to proceed with his appeal *in forma pauperis*. Under ordinary circumstances, a defendant cannot take an immediate appeal from an interlocutory order in a criminal case. *United States v. Keene*, 287 F.3d 229, 232 (C.A.1 2002). Accordingly, the defendant's motion will be denied. At the conclusion of the criminal proceeding the defendant may reapply if he wishes to file an appeal at that time.

IT IS ORDERED that the Magistrate Judge's Order [doc. 21] of August 13, 2009, is AFFIRMED.

IT IS FURTHER ORDERED that the defendant's Motion to file *in forma pauperis* [doc. 47] IS DENIED. No interlocutory appeal is approved in this case.

Lake Charles, Louisiana, this 22 day of October, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE